In the Matter of Kevin and Tina **ROBERTS**, Debtors.

**Bankruptcy No. BK91–41435.**

United States Bankruptcy Court, D. Nebraska.

April 11, 1993.

John Hahn, Lincoln, NB, for Park Place Pontiac–Cadillac–GMC, Inc.

Sandra DeLair, Lincoln, NB, for Kevin and Tina Roberts, debtors.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This bankruptcy case was reopened for the limited purpose of determining whether a reaffirmation agreement between the debtors and GMAC is enforceable. I conclude that the reaffirmation agreement is not binding because it does not contain a "clear and conspicuous" notice of rescission and because debtors effectively rescinded by conduct.

On December 22, 1990, and prior to the filing of the bankruptcy case, the debtors entered into a lease agreement with Cornhusker Auto Lease respecting a motor vehicle. Under the terms of the lease, debtors were to pay Cornhusker Auto Lease $440.00 per month for 48 months. Park Place Pontiac Cadillac–GMC, Inc. is listed as previous owner of the vehicle on the certificate of title. The debtors also signed on December 22, 1990, two promissory notes, each in the amount of $500.00 (the "Notes"), naming Park Place as the payee. The Notes were secured by an interest in the leased vehicle, but there is no indication that the security interest is perfected. Subsequently, Cornhusker Auto Lease assigned its interest under the lease agreement to GMAC. During the pendency of the bankruptcy case, the debtors

entered into a reaffirmation agreement with respect to the lease agreement. The parties to the reaffirmation agreement were the debtors and GMAC.

The reaffirmation agreement makes no reference to the Notes. Park Place is not even a party to the reaffirmation agreement and there is no evidence or assertion that the Notes were transferred to GMAC. Accordingly, there is no evidence that the debtors intended to reaffirm their obligations on the Notes. I conclude that debtors did not reaffirm the Notes. This conclusion is without prejudice to the right of Park Place to assert that it has a valid security interest in the vehicle and that such security interest may be foreclosed. However, if the lien of Park Place was not duly perfected, it may be avoidable pursuant to 11 U.S.C. § 544 by separate adversary proceeding.

The debtors assert several reasons why the reaffirmation agreement is not enforceable. Let me address each argument:

■■■ First, debtors contend that the reaffirmation agreement is not enforceable because the court did not conduct a reaffirmation hearing. Reaffirmation hearings are not required as a condition to the enforceability of a reaffirmation agreement unless either (1) the debtor is not represented by counsel; *See* § 524(c)(6), or (2) the debtor enters the reaffirmation agreement after a discharge order is entered; *See* § 524(d). If a debtor is represented by counsel and enters into a reaffirmation agreement before a discharge order is entered, as in this case, and counsel files the affidavit required by § 524(c)(3), neither court approval of the reaffirmation agreement nor a hearing is required. A reaffirmation hearing was not required in this case.

■■■ Second, debtors argue that the reaffirmation agreement is defective in that it does not contain adequate language advising debtors of the right to rescind. I agree.

Section 524(c)(2) provides that reaffirmation agreements are enforceable only if, among other things, the agreement—

contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim.

The reaffirmation agreement before the court does contain conspicuous language which provides as follows:

NOTICE: THE OBLIGATION ASSIGNED GENERAL MOTORS ACCEPTANCE CORPORATION DESCRIBED BELOW IS DISCHARGEABLE UNDER APPLICABLE BANKRUPTCY LAWS. YOU ARE NOT LEGALLY OBLIGATED TO REAFFIRM SUCH OBLIGATION; AND IF YOU REAFFIRM SUCH OBLIGATION, YOUR LIABILITY ON SUCH OBLIGATION WILL BE FULLY RESTORED AND ENFORCEABLE IN ACCORDANCE WITH ITS TERMS.

The above quoted language is conspicuous, but it does not satisfy the requirements of § 524(c)(2) because the language does not advise debtor that the agreement may be rescinded.

In addition, the last paragraph of the reaffirmation agreement provides:

The Debtor(s) may rescind this agreement at any time prior to discharge or within sixty (60) days after such agreement is filed with the Court whichever occurs later, by giving notice of recision (sic) to the holder of such claim. This agreement is in compliance with Section 524 of the Bankruptcy Code as amended.

The question before the court is whether the above quoted language describing the right to rescind is clear and conspicuous under § 524(c)(2).

The word "conspicuous" is not defined in the Bankruptcy Code. Lacking a statutory definition, the court must define the meaning of the terms "clear and conspicuous" as a matter of federal common law. An appropriate source of law for defining the meaning of "conspicuous" may be found in state law. The word conspicuous is de-

fined in the Nebraska Uniform Commercial Code as:

A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as, NONNEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court.

The U.C.C. definition of conspicuous is a particularly appropriate source of federal common law in commercial transactions and in consumer transactions under the Bankruptcy Code. Using the U.C.C. definition will lead to general uniformity of law whether or not a bankruptcy case is pending, and reference to U.C.C. § 1-201(10) will encourage uniformity of law throughout the United States. I see no federal interest to be served by developing a federal definition of "conspicuous". Cf. U.S. v. Kimbell Foods, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979).

Applying the U.C.C. definition to the reaffirmation agreement before the court, I conclude that the notice of rescission set forth in the reaffirmation agreement is not conspicuous within the definition of U.C.C. § 1-201(10). This conclusion is supported by the fact that the agreement contains "conspicuous" language, all in upper case type, which draws attention to the fact that the debtor is obligated on the agreement. In contrast, the notice of right to rescind is in lower case type at the conclusion of the reaffirmation agreement. The right to rescind is thus deemphasized by the way it is presented in the agreement.

I hold that the reaffirmation agreement is not enforceable because it does not contain a clear and conspicuous notice of the right to rescind.

Third, Debtors argue that even if we assume arguendo that the reaffirmation agreement was initially enforceable according to its terms, the agreement was rescinded by timely surrender of the vehi-

cle. The debtors surrendered the vehicle to GMAC on January 22, 1992. The previous day, the debtors telephoned Allyssa C. Croker at GMAC and stated that the vehicle would be surrendered to GMAC. The debtors' conduct of surrendering the vehicle is, in my view, solely referable to an intent by the debtors to give up the benefits of the underlying lease agreement and the reaffirmation agreement. Under the lease agreement, the debtors had the use of the vehicle and were required to make monthly payments to GMAC. By surrendering the vehicle to GMAC, the debtors unequivocally gave up the benefits of the agreement. I conclude, on the facts of this case, that a surrender of the vehicle on January 22, 1992, which was the date the discharge order was entered, constituted an unambiguous communication that the agreement was rescinded. This conclusion is particularly appropriate when the reaffirmation agreement does not have a clear and conspicuous statement as to how the debtor is to rescind. I conclude that this agreement was rescinded by conduct.

IT IS THEREFORE ORDERED, that the reaffirmation agreement between debtors and GMAC respecting the vehicle leased from Cornhusker Auto Lease is not enforceable.

IT IS FURTHER ORDERED that, except as otherwise provided in §§ 523 or 727, debtors' personal obligation on said lease and the Notes is dischargeable.