**In re David L. GRINNELL, Debtor.**

**Bankruptcy No. 94–10905.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 1, 1994.

Peter K. Rosedale, Providence, RI, for debtor.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Providence, RI, for R.I. Hosp. Trust Nat. Bank.

Jason D. Monzack, Chapter 7 Trustee, Kirshenbaum & Kirshenbaum, Cranston, RI.

Office of the U.S. Trustee, Sheryl Serreze, Providence, RI.

*ORDER GRANTING RECONSID-
ERATION AND VACATING
MAY 23, 1994 ORDER*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the motion of Rhode Island Hospital Trust National Bank for reconsideration of our May 23, 1994 Order, wherein we approved a reaffirmation agreement between the Debtor and the Bank, but in a lesser amount than provided in the agreement. Upon consideration of the pleadings and the authorities relied upon therein, as well as a more careful review of the statute in question, 11 U.S.C. § 524(c), the motion for reconsideration is granted.

Basically, we agree with the Bank's contention that the 1984 amendments relieved bankruptcy courts of the responsibility of ruling on reaffirmation agreements, and that Congress shifted the duty to debtor's counsel to determine whether the agreement "represents a fully informed and voluntary agreement by the debtor; and does not impose an undue hardship on the debtor or a dependent of the debtor." 11 U.S.C. § 524(c)(3)(A) and (B).

The relevant portions of the statute provide that:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

.    .    .    .    .

---

**11.** *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *United States v. Valen-* *cia–Copete*, 792 F.2d 4 (1st Cir.1986).

(3) such agreement has been *filed* with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection. . . .

11 U.S.C. § 524(c)(3).

Thus, all that is presently required is that the parties file the agreement with the Court. This procedure, which differs from our previous practice in that the Court formerly scrutinized *every* reaffirmation agreement, will be implemented forthwith.[1]

Accordingly, the Bank's motion for reconsideration is GRANTED, our Decision and Order of May 23, 1994 is VACATED, and the reaffirmation agreement between the parties is deemed FILED.

Enter Judgment consistent with this opinion.

---

1. In the case of pro se debtors, however, the Court remains obligated to rule on the merits of the agreement. *See* 11 U.S.C. § 524(c)(6)(A).