**In re Cheryl A. HOVESTADT and Frederick F. Hovestadt, Jr., Debtors.**

**Bankruptcy No. 95–18374–JNF.**

United States Bankruptcy Court, D. Massachusetts.

March 20, 1996.

---

Joseph C. Mooney, Brookline, MA, for Debtors.

Jeffrey A. Schreiber, Danvers, MA, Emma G. Scott, Sears, Roebuck & Co., Hoffman Estates, IL, for Sears, Roebuck & Co.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

## I. FACTS

The Debtors filed a voluntary petition under Chapter 7 on December 12, 1995. At the time of the filing, they were represented by Joseph C. Mooney, Esq.

The Debtors filed Schedules A–J with their petition. On Schedule F–Creditors Holding Unsecured Nonpriority Claims, the Debtors listed Sears, Roebuck & Co. ("Sears") with a claim of $3,324.28, along with 17 other creditors with claims, arising primarily from credit card purchases, totalling approximately $43,000.00. On Schedule I–Current Income of Individual Debtor(s), the Debtors listed their only income as "pension or retirement income" in the monthly amount of $962.00. The Debtors also indicated that they did not anticipate any increase or decrease in income of more than 10% within the year following the filing of Schedule I. On Schedule J–Current Expenditures of Individual Debtor(s), the Debtors listed monthly expenditures of $2,099.00. The Debtors' Schedules I and J revealed that their rent or home mortgage payment alone exceeded their disclosed income by $15.00 per month.

The section 341 meeting of creditors was held on January 11, 1996. On January 19, 1996, Cheryl Hovestadt filed with this Court a Reaffirmation Agreement with Sears, pursuant to which she indicated that she wished to reaffirm a debt in the sum of $1,137.39,

payable monthly in the amount of $28.00. The Reaffirmation Agreement contained the following language in bold capital letters:

**THIS AGREEMENT IS NOT RE-QUIRED UNDER THE BANKRUPTCY CODE, ANY NON–BANKRUPTCY LAW, OR ANY AGREEMENT THAT IS NOT IN ACCORDANCE WITH THE PROVISIONS OF THE SECTION 524(C) [SIC]. THIS AGREEMENT MAY BE RESCINDED AT ANY TIME PRIOR TO THE DISCHARGE OR WITHIN SIXTY (60) DAYS AFTER THIS AGREEMENT IS FILED WITH THE COURT, WHICHEVER OCCURS LATER, BY GIVING WRITTEN NO-TICE OF RESCISSION TO CREDITOR AT THE FOLLOWING ADDRESS....**

With respect to the consideration for the Reaffirmation Agreement, the Agreement contained the following language:

Debtor wishes to either retain the property securing the account balance, to settle creditor's claim of nondischargeability under # 523 [sic], and/or to continue to use the SearsCharge Account by reaffirming said debt and security agreement.

Finally, Mrs. Hovestadt's counsel, Joseph C. Mooney, signed the following declaration:

The undersigned hereby declares that I am the Attorney who represented the Debtor during the course of negotiating this Agreement and that this Agreement represents a fully informed and voluntary agreement by the Debtor and does not impose a hardship on the Debtor or a dependent of the Debtor to the best of my knowledge, information and belief. I have fully advised the Debtor of the legal effect and consequences of this agreement and the occurrence of default under this agreement.

Upon review of the Debtors' Schedules I and J and the contents of the Reaffirmation Agreement signed by Mrs. Hovestadt, this Court entered an order on January 29, 1996, requiring Mrs. Hovestadt, Attorney Mooney, and Sears to appear on February 29, 1996 to show cause why sanctions should not be imposed for the filing of false schedules by Mrs. Hovestadt, the filing of a false declaration by

Attorney Mooney, or overreaching by Sears for the inclusion of a reference to section 523 in the Reaffirmation Agreement, in the absence of a bona fide claim that Mrs. Hovestadt's obligation to it was nondischargeable.

Prior to the hearing on February 29, 1996, the Debtors filed a Motion to Amend Schedule I, stating that "through inadvertence and mistake [they] neglected to include certain income" on Schedule I. In affidavits attached to their amended Schedule I, the Debtors disclosed that they have additional income of approximately $1,200.00 per month from miscellaneous sources, including the collection and redemption of cans and babysitting. Assuming the availability of such additional monthly income, Mrs. Hovestadt would be in a position to make monthly payments to Sears without jeopardizing payments for the Debtors' ordinary and necessary living expenses. In other words, the Debtors would not of necessity have to "rob Peter to pay Paul" or, in this case, Sears. The Debtor in her affidavit also disclosed that Attorney Mooney discussed her right to rescind the Reaffirmation Agreement with her.

At the January 29, 1996 hearing, counsel to Sears emphasized Sears's reliance upon the declaration of counsel, stressed the disjunctive phrases employed in the boilerplate language in the Reaffirmation Agreement regarding section 523, as well as the inclusion of the reference to section 523 for "administrative convenience." In Sears's view, Congress intended the Court to rely upon representations of debtors' counsel, implying that the Court's inquiries should be limited to those situations where debtors are unrepresented by counsel.

Also at the hearing, counsel to the Debtors indicated that the Reaffirmation Agreement was only a partial reaffirmation of Mrs. Hovestadt's debt to Sears and that the debt reaffirmed represented only the value of consumer goods in which Sears retained a purchase money security interest. He also conceded that he had not informed the Debtor that she had a right to redeem the property subject to Sears's security interest for its

liquidation value. *See* 11 U.S.C. 722.[1]

Following the hearing on February 29, 1996, Attorney Mooney filed a "Motion to Correct Statement of Attorney," pursuant to which he stated that he had in fact discussed redemption of the items in which Sears allegedly has a security interest. However, he did not indicate that he advised Mrs. Hovestadt that she could obtain a judicial determination of the value of the goods to be redeemed pursuant to 11 U.S.C. § 722 or that the redemption value would be the liquidation value, as opposed to Sears's in-house valuation.

## II. DISCUSSION

■ This Court has observed that in the majority of cases in which reaffirmation agreements are filed pursuant to section 524(c)[2] the debtors' Schedules I and J reveal that debtors do not have sufficient income to afford even the *de minimis* payments set forth in the reaffirmation agreements filed with the Court. Moreover, the Court has observed that debtors not infrequently seek to reaffirm either unsecured credit card obligations or obligations arising out of credit card purchases of consumer goods purportedly subject to security interests granted on the cash register slip. These agreements present a particularly egregious situation as there is no threat that the items purchased with the credit card will be repossessed.

As a consequence of these observations, the Court is concerned that debtors may be under-reporting incomes either to avoid the consequences of section 707(b)[3] or to shield

1. Section 722 provides the following:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C. § 722.

2. Section 524(c) provides in relevant part the following:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to the extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
> (1) such agreement was made before the granting of a discharge under section 727, 1141, 1228, or 1328 of this title;
> (2)(A) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim; and
> (B) such agreement contains a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under nonbankruptcy law, or under any agreement not in accordance with the provisions of this subsection;
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—
> (A) such agreement represents a fully informed and voluntary agreement by the debtor;
> (B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
> (C) the attorney fully advised the debtor of the legal effect and consequences of—
> (i) an agreement of the kind specified in this subsection; and
> (ii) any default under such an agreement;
> (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
> (5) the provisions of subsection (d) of this section have been complied with; and
> (6)(A) in a case concerning an individual who is not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
> (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
> (ii) in the best interest of the debtor.
> (B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

11 U.S.C. § 524(c).

3. Section 707(b) provides, in relevant part, the following:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or sugges-

cash income from taxation or that attorneys may be failing to adequately counsel debtors about the options available to them other than reaffirmation, *see* 11 U.S.C. §§ 524(f)[4] and 722. Additionally, the Court is concerned that attorneys may be signing declarations that reaffirmation will not impose an undue hardship on debtors, when, in fact, the debtors' circumstances depicted in Schedules I and J indicate that the debtors cannot afford food and shelter, let alone consumer goods purchased on credit. From these observations, the Court concluded that attorney declarations required by section 524(c)(3) were being executed by many attorneys in a perfunctory manner without consideration of the potential for violating Fed.R.Bank.P. 9011.

The circumstances in this case unequivocally establish that the Court's concerns are justified. The Debtors have admitted that they did not disclose income sources that more than double the pension income set forth on their original Schedule I, which along with their petition was subject to the pains and penalties of perjury. In addition, Attorney Mooney admitted that he did not advise Mrs. Hovestadt as to her ability to redeem the collateral in which Sears holds a security interest for its liquidation value. Although Attorney Mooney has attempted to retract that admission, the Court notes that, in his Motion to Correct Statement, he merely indicates that he advised Mrs. Hovestadt of her redemption rights at the time the Debtors prepared their list of creditors in early December, 1995, not when Mrs. Hovestadt signed the Reaffirmation Agreement in mid-January 1996. Moreover, he did not state that he discussed the valuation method available to Mrs. Hovestadt under section 722.

■ An agreement to reaffirm an otherwise dischargeable debt will be binding only if it is made in compliance with section 524(c) and (d). *In re Noble,* 182 B.R. 854, 856 (Bankr.W.D.Wash.1995) (citing *In re Bowl-*

*ing,* 116 B.R. 659, 663 (Bankr.S.D.Ind.1990), and *In re Daily,* 47 F.3d 365, 367 (9th Cir. 1995)). This is because, as the court in *Noble* stated, "[t]he reaffirmation rules are intended to protect debtors from compromising their fresh start by making unwise agreements to repay dischargeable debts." 182 B.R. at 856. Accordingly, "strict compliance with the specific terms in Section 524 is mandatory" to avoid "the danger that creditors may coerce debtors into undesirable reaffirmation agreements." *Id.* (citations omitted). Thus, if a reaffirmation agreement fails to comply fully with section 524 it is void and unenforceable. *See* 11 U.S.C. § 524(c). *See also In re Artzt,* 145 B.R. 866, 868 (Bankr.E.D.Tex.1992).

■ A number of courts have concluded that the Bankruptcy Code does not provide for court approval of reaffirmation agreements where debtors are represented by counsel during the course of negotiating reaffirmation agreements. *See In re Grinnell,* 170 B.R. 495 (Bankr.D.R.I.1992), *In re Wallace,* 102 B.R. 54, 55 (Bankr.E.D.N.C.1989). Moreover, the Bankruptcy Reform Act of 1994 clarified that a separate hearing is not mandatory for debtors to reaffirm debts where they are adequately represented by counsel. Nevertheless, this Court finds that it cannot ignore the ramifications incident to a blanket assumption that reaffirmation agreements are enforceable if accompanied by an attorney declaration, when close scrutiny compels the conclusion that the elements set forth in section 524(c) are either lacking altogether, insufficient or void as having been filed in violation of Fed.R.Bankr.P. 9011. This Court finds that it has an independent obligation to review reaffirmation agreements to ensure that all the elements of section 524(c) are fully satisfied.

■ If a debtor's dire financial circumstances appears to have been ignored and inadequate or poor legal advice provided, or where a debtor's decision to reaffirm certain

---

tion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of the relief would be a substantial abuse of the provisions of this chapter. . . .

11 U.S.C. § 707(b).

**4.** Section 524(f) provides that "[n]othing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt." 11 U.S.C. § 524(f).

debts suggests that income may have been deliberately understated to avoid the onus of section 707(b) or increased taxable income, this Court shall not hesitate to issue the type of show cause order entered in this case. Additionally, should the declarations filed by an attorney prove to have been filed improvidently, the Court shall strike the declaration, thereby rendering the reaffirmation agreement unenforceable.

Upon consideration of the Debtors' Motion to Amend Schedule I and the Motion to Correct Statement of Attorney, as well as counsel to Sears's representation on February 29, 1996 that Sears intends to discontinue its practice of filing reaffirmation agreements in the District of Massachusetts until the issues raised by the order to show cause are resolved, this Court shall not monetarily sanction Mrs. Hovestadt, Attorney Mooney or Sears. Nevertheless, the Court strikes Attorney Moody's declaration appearing on the Reaffirmation with Sears, because he did not counsel Mrs. Hovestadt, at the time the Reaffirmation Agreement was executed, that she had the right to redeem her property for its liquidation value, which the Court would determine in the absence of agreement between the parties. Accordingly, the Reaffirmation Agreement between Mrs. Hovestadt and Sears is unenforceable because the prerequisite of section 524(c)(3) is lacking.

## III. CONCLUSION

Upon consideration of the foregoing, the Court hereby strikes the declaration of Attorney Mooney appearing on the Reaffirmation Agreement between Mrs. Hovestadt and Sears. The Court dismisses its Show Cause Order because monetary sanctions are unwarranted under the circumstances of this case.