In re Daniel/Jean SMYTH, Debtors.

National City Bank, Plaintiff,

v.

Daniel/Jean Smyth, Defendants.

No. 00–3310.

United States Bankruptcy Court, N.D. Ohio.

Dec. 13, 2001.

354

Kristin K. Going, Cleveland, OH, for Plaintiff.

Randy L. Reeves, Lima, OH, for Defendants.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Debtors/Defendants, Daniel and Jean Smyth (hereinafter referred to collectively as the "Debtors"). In their Motion for Summary Judgment, the Debtors seek a determination, from this Court, that the Reaffirmation Agreement that they entered into with the Plaintiff, National City Bank (hereinafter referred to as the "Plaintiff"), is unenforceable because the terms of the Agreement do not comply with the requirements set forth in § 524(c)(2)(A). The language of this section provides, *inter alia,* that:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

> (2)(A) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim[.]

In support of their position, the Debtors submitted, as evidence, the Reaffirmation Agreement they entered into with the Plaintiff which, in relevant part, provided that:

> DEBTOR(S) MAY RESCIND THIS AGREEMENT AT ANY TIME PRIOR TO DISCHARGE OR WITHIN SIXTY DAYS AFTER SUCH AGREEMENT IS FILED WITH THE COURT, WHICHEVER OCCURS LATER.

According to the Debtors the above language is deficient because, in contravention to § 524(c)(2)(A), it "does not advise the Debtors in un-conspicuous or conspicuous manner of any requirement to give notice of rescission to the holder of such

claim." (Debtors' Motion for Summary Judgment at pg. 4).

## LEGAL DISCUSSION

Pursuant to the argument raised by the Debtors, the sole issue for this Court to address is whether a Reaffirmation Agreement is invalid if it fails to disclose therein that the debtor may rescind the Agreement by giving notice of the rescission to the holder of the claim. As resolution of this issue substantially affects the adjustment of the debtor-creditor relationship, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

This cause comes before the Court upon the Debtors' Motion for Summary Judgment. The standard for summary judgment is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides for in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In order to effectuate the fresh start policy of the Bankruptcy Code, § 524(a) permanently enjoins any action by a creditor to collect on its debt insofar as that action constitutes an attempt to collect the debt as a personal liability of the debtor. An exception to this general rule is set forth in § 524(c) of the Bankruptcy Code which provides that a debtor may enter into an agreement with a creditor to reaffirm an otherwise dischargeable debt. Normally, a debtor will do so when he or she wishes to retain property in which the creditor maintains a security interest, although nothing in the Bankruptcy Code actually prevents a debtor from reaffirming on an unsecured debt.

■ Section 524(c) sets forth the necessary requirements for a reaffirmation agreement. These requirements, among other things, state that the agreement must impart to the Debtor certain information; specifically relevant to this case, and as set forth above, § 524(c)(2)(A) requires that a debtor be informed, in a clear and conspicuous statement, the conditions under which a reaffirmation agreement may be rescinded.[1] Although the exact language set forth in § 524(c)(2)(A) need not be utilized, the points set forth therein must be conveyed to the debtor; these points are comprised of two components:

■ First, the reaffirmation agreement must impart to the debtor the time limit for rescinding the agreement; this

---

1. Section 524(c)(2)(B) also requires that a reaffirmation agreement contain "a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under nonbankruptcy law, or under any agreement not in accordance with the provisions of this subsection[.]"

time limit, as set forth in the statute, is either the time of discharge, or Sixty (60) days after the agreement is filed with the court, whichever event occurs later. Second, § 524(c)(2)(A) requires that the reaffirmation agreement inform the debtor that if he wishes to rescind the agreement, he must give notice of the rescission to the creditor. With regards to this latter requirement, no specific methodology is prescribed; thus, a creditor is free to add additional terms. For example, a creditor may require that notice of the rescission be given in writing and that the notice be sent to a specific address.

In this case, it is clear that the language of the Parties' Reaffirmation Agreement, by not informing the Debtors to give notice of rescission to the Plaintiff, omitted the second point prescribed by § 524(c)(2)(A). The Plaintiff, however, asserts that this omission is not fatal because "[t]he reaffirmation agreement states in clear and conspicious [sic] language that the Debtor[s] ha[ve] a right to rescind." (Plaintiff's to Debtor's Motion for Summary Judgment, at pg. 2, ¶ 7). In essence then, the Plaintiff's argument holds that as long as a reaffirmation agreement sets forth in writing the debtor's right to rescind the agreement, the second point set forth in § 524(c)(2)(A) is discretionary. The Court, however, for the reasons that will now be explained, must disagree.

■ Prior to the enactment of the Bankruptcy Code in 1978 there was much concern and debate as to whether a debtor should be allowed to enter into an agreement to reaffirm an otherwise dischargeable debt. *Midlothian State Bank v. Roth (In re Roth)*, 43 B.R. 484, 487–88 (D.C.N.D.Ill.1984). Congress eventually decided that the merits of allowing reaffir-

mation agreements outweighed the potential harm associated with such agreements. However, in deciding to permit reaffirmation agreements, Congress, in order to alleviate its concerns, established specific rules governing the creation of reaffirmation agreements; the purpose for these rules was threefold: (1) to preserve the fresh start goal of the bankruptcy laws; (2) to insure that 'voluntary' reaffirmation agreements were truly voluntary; and (3) to protect debtors from their own bad judgment. *Mickens v. Waynesboro Dupont Employees Credit Union, Inc. (In re Mickens)*, 229 B.R. 114, 118 (Bankr. W.D.Va.1999); *In re Kamps*, 217 B.R. 836, 841 (Bankr.C.D.Cal.1998).

In light of these policy concerns, which are aimed entirely at protecting the debtor and not the creditor, it would now appear inharmonious for this Court to find that those provisions of a statute which are meant to protect a debtor are simply optional in nature. Conversely, this Court cannot think of a reason, and the Plaintiff has not offered one, as to how the goals of the Bankruptcy Code would be furthered by allowing discretionary compliance with the requirements set forth in § 524(c). In ruling against the Plaintiff, the Court is sensitive to the principle that usually minor and technical defects in agreements should not stand in the way of the parties' true intent. However, the necessary requirements to effectuate a valid reaffirmation agreement are very straightforward; as such, requiring strict compliance with those provisions of § 524(c) will not impose an undue burden upon the reaffirmation process. The Court also observes that this position, besides being in accord with all the case law which has addressed the issue,[2] also works for the benefit of

---

**2.** For a few of the cases holding this, see *Republic Bank of California, N.A. v. Getzoff* *(In re Getzoff)*, 180 B.R. 572, 574 (9th Cir. BAP 1995) ("strict compliance with the spe-

creditors. In particular, § 524(c)(2)(A), by providing a defined mechanism in which debtors must rescind a reaffirmation agreement, protects creditors from having their agreement rescinded in an unauthorized manner.

■ Accordingly, for above stated reasons, the Court holds that strict compliance with the terms set forth in § 524(c) is required in order for a Reaffirmation Agreement to be valid. Consequently, in this case, since the Parties' Reaffirmation Agreement was completely silent as to the Debtors' duty to give notice of rescission to the Plaintiff,—and thus did not comply with the requirements of § 524(c)(2),—the Reaffirmation Agreement entered into between the Debtors and the Plaintiff was invalid from its inception. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Defendants, Daniel Smyth and Jean Smyth, be, and is hereby, GRANTED.

cific terms in Section 524 is mandatory."); *In re Kamps,* 217 B.R. 836, 841 (Bankr.C.D.Cal. 1998) ("strict compliance with the specific terms in section 524 is required."); *Watkins v. Guardian Loan Co. (In re Watkins),* 240 B.R. 668, 675–76 (Bankr.E.D.N.Y.1999) ("Reaffirmation agreements between a debtor and a creditor are strictly construed...."); *In re Adams,* 229 B.R. 312, 316 (Bankr.S.D.N.Y. 1999) ("reaffirmation agreements should be strictly construed."); *Mickens v. Waynesboro Dupont Employees Credit Union, Inc. (In re Mickens),* 229 B.R. 114, 118 (Bankr.W.D.Va. 1999) ("the language of section 524(c) must be strictly construed."); *Marquette Bank Coon Rapids v. Kirby (In re Kirby),* 209 B.R. 128, 130 (Bankr.D.Minn.1997) (requirements for reaffirmation agreement strictly construed); *In re Arnold,* 206 B.R. 560, 565 (Bankr. N.D.Ala.1997) ("the language of section 524(c) must be strictly construed."); *In re Hovestadt,* 193 B.R. 382, 386 (Bankr.D.Mass. 1996) ("strict compliance with the specific terms in Section 524 is mandatory."); *In re Noble,* 182 B.R. 854, 856 (Bankr.W.D.Wash. 1995) ("strict compliance with the specific terms in Section 524 is mandatory.").