In re John H. and Sandra I. MATHERN.

John H. and Sandra I. MATHERN

v.

UNITED MORTGAGE CORPORATION.

Bankruptcy No. 3–90–2677.

Adv. No. 3–90–300.

Civ. No. 4–92–285.

United States District Court,
D. Minnesota,
Fourth Division.

June 12, 1992.

Timothy D. Moratzka, MacKall Crounse & Moore, Minneapolis, Minn., for appellants.

**668**

Patrick B. Hennessy, Best & Flanagan, Minneapolis, Minn., for appellee United Mortg.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on appeal from a final order of the Honorable Gregory F. Kishel, United States Bankruptcy Judge, filed February 21, 1992. 137 B.R. 311. By that order, the bankruptcy court denied appellants/debtors John and Sandra Mathern (the Matherns) their discharge in bankruptcy. The order is affirmed.

*Background*

The Matherns are bankruptcy debtors and appellee United Mortgage Corporation (United Mortgage) is one of their pre-petition creditors. United Mortgage objected to the Matherns' discharge under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A),[1] claiming that the Matherns had hindered or delayed their creditors, failed to produce adequate financial records, and knowingly made false oaths. United Mortgage moved for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure (Fed. R.Civ.P.). The bankruptcy court granted the motion, pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A), and denied the Matherns' discharge. This appeal followed.

*Analysis*

■ When a district court reviews a bankruptcy court order, it sits as an appellate court, reviewing the bankruptcy court's findings of fact under the clearly erroneous review standard and reviewing its legal conclusions de novo. *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir.1990).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment may be granted under the familiar standards set forth in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Hartnagel v. Norman*, 953 F.2d 394, 395–96 (8th Cir.1992).

In support of their appeal, the Matherns argue that genuine issues of material fact exist regarding their intent to make a false oath, their intent to hinder a creditor, and the materiality of the omissions on their bankruptcy schedules.

■ The Court turns first to the question of appellants' intent. The bankruptcy court held that United Mortgage had produced substantial evidence to support an inference of fraudulent intent. Thus, under *Celotex*, the Matherns were obliged to produce significant probative evidence to defeat the inference of fraudulent intent. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. The bankruptcy court held that the Matherns failed to meet this burden.

After a thorough review of the record, this Court finds that "the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Matherns have failed to set forth affirmative, admissible evidence to rebut the considerable circumstantial evidence of fraudulent intent.[2] Accordingly, the Court finds no material issue

---

1. These statutes provide, in pertinent part:

   The court shall grant the debtor a discharge, unless

   . . . .

   (2) the debtor, with intent to hinder, delay or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed. . . .

   (A) property of the debtor. . . .

   . . . .

   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained . . .

   (4) the debtor knowingly and fraudulently

   . . .

   (A) made a false oath or account. . . .

2. In the alternative, the Matherns argue that the circumstantial evidence does not support an inference that Sandra Mathern, individually, intended to deceive creditors. The bankruptcy court made separate findings as to John and Sandra Mathern. This Court finds the inferences equally compelling as to both individuals.

of fact remaining as to the Matherns' intent to hinder a creditor under 11 U.S.C. § 727(a)(2)(A) or their intent to make a false oath under § 727(a)(4)(A).

■ The Court turns, next, to the materiality of the omissions. Under Eighth Circuit law, an omission is material if the omitted asset "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealing, or the existence and disposition of his property." *Mertz v. Rott,* 955 F.2d 596, 598 (8th Cir.1992).

The Matherns failed to disclose ownership interests in several partnerships on their bankruptcy schedules. The bankruptcy court held that these omissions were material under *Mertz.* The Matherns argue that the omission of the partnership assets was not material because they had minimal interests in the partnerships and the partnerships were of minimal value. The record indicates, however, that the Matherns received substantial income from these partnerships. Even if the partnerships were "merely a conduit for other limited partnerships," as argued by the Matherns, the Court finds that the nondisclosed partnerships would clearly "bear a relationship" to the Matherns' other business transactions. *Mertz,* 955 F.2d at 598. As such, the Court finds no material issue of fact remaining as to the materiality of the omissions on the Matherns' bankruptcy schedule.

The Court finds both the factual findings and the legal conclusions of the bankruptcy court to be sound. The Court is mindful that "[a]lthough in days past courts may have been inhospitable to summary judgment motions ... that era is over." *Midwest Radio Co. v. Forum Publishing Co.,* 942 F.2d 1294, 1296 (8th Cir.1991). Based on the files, records, and proceedings herein, and for the reasons set forth above, IT IS ORDERED that:

The bankruptcy court's order, dated February 21, 1992, is affirmed.