### In re Brian C. KIRBY and Barbara E. Kirby, Debtors.

### MARQUETTE BANK COON RAPIDS f/k/a First Bank Coon Rapids, Plaintiff,

v.

### Brian Charles KIRBY and Barbara Ellen Kirby, a/k/a Barbara E. Kirby, a/k/a Barbara E. Widing, Defendants.

Bankruptcy No. 4–91–6615.

Adversary No. 4–96–357.

United States Bankruptcy Court, D. Minnesota.

May 27, 1997.

Order Amending Judgment June 6, 1997.

Linda Jeanne Jungers, Stewart, Zlimen & Jungers, Minneapolis, MN, for Plaintiff.

James L. Berg, Chaska, MN, for Defendant.

*FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR SUMMARY JUDGMENT*

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on motion by the Plaintiff, Marquette Bank, for summary

judgment against the Defendants, Brian Charles Kirby and Barbara Ellen Kirby. Appearances were as noted on the record. After reading the papers and hearing the arguments of counsel, the Court, being duly advised in the premises, has determined to deny the Plaintiff's motion and to enter summary judgment in favor of the Defendants.

## UNDISPUTED FACTS

1. On or about July 12, 1991, the Defendants executed a promissory note and security agreement with the Plaintiff, pledging several vehicles as collateral. On or about August 8, 1991, the Defendants executed a second promissory note and security agreement with the Bank for an additional $800 advance.

2. On September 25, 1991, the Defendants filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

3. On October 23, 1991, the Defendants signed a new note and security agreement and agreed to a new payment schedule relating to the two loans, and on November 18, 1991, the Defendants executed a reaffirmation agreement on the consolidated loans they had with the Bank. The reaffirmation agreement included the auto loan obligations incurred for the purchase of four motor vehicles, including a Buick Riviera driven by Barbara. Defendants' counsel executed the reaffirmation agreement, which included the statutorily required declaration by the attorney. The reaffirmation agreement was filed with the Bankruptcy Court on November 22, 1991.

4. The Court subsequently scheduled a hearing on the Defendants' reaffirmation agreement and sent notice of the hearing to the Defendants. The reaffirmation hearing was scheduled for January 23, 1992 at 4:30 p.m. The reaffirmation hearing was actually held at that date and time, but neither of the Defendants appeared. As a consequence, the Defendants did not receive the standard, rather detailed reaffirmation explanation or admonishment required by the statute in effect at that time. There was no appearance by the Plaintiff either.

5. At the time of their bankruptcy filing, the Defendants lived at 240 Oak Park Drive, Blaine, Minnesota. The Defendants moved from that residence sometime in February 1992.

6. The Defendants kept the cars. With particular reference, Barbara continued to drive the Riviera. As is quite typical, she has testified that she had little or no understanding of what was to happen with respect to the vehicle. She didn't think that the Bank was listed in the bankruptcy because she wanted to keep the car; she thought her husband took care of the reaffirmation process; she has no clear recollection of meeting with her attorney about the reaffirmation in 1991; she doesn't remember reading or signing a reaffirmation agreement, but she acknowledges that she probably did.

7. The notice of the reaffirmation hearing was mailed to the Defendants' then home well in advance of the occurrence of the reaffirmation hearing. Barbara has testified at her deposition that she does not remember receiving anything about the reaffirmation hearing from the Court. At first it was thought that the move from the Oak Park Drive address may have meant that the Debtors never actually received the notice, but her testimony has placed the move well after the notice would have gone out and there is nothing in the Court's record to indicate that the Defendants did not receive the notice.

## CONCLUSIONS OF LAW

I. SUMMARY JUDGMENT STANDARDS

The Plaintiff has moved for summary judgment against the Defendants, seeking judgment in the amount of $20,020.78 plus attorneys' fees and costs and a declaration that the reaffirmation agreement in this case is valid and enforceable. Summary judgment is governed by Federal Rule of Civil Procedure 56, and is made applicable to this adversary proceeding by Bankruptcy Rule 7056. Federal Rule 56 provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c). The moving party on summary judgment bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the moving party is the plaintiff, it carries the additional burden of presenting evidence that establishes all elements of the claim. *Id.* at 324, 106 S.Ct. at 2553; *United Mortgage Corp. v. Mathern (In re Mathern)*, 137 B.R. 311, 314 (Bankr.D.Minn.1992), *aff'd*, 141 B.R. 667 (D.Minn.1992). The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This responsive evidence must be probative, and must "do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## II. THE VALIDITY OF THE REAFFIRMATION AGREEMENT

The issue to be decided in this case is whether a reaffirmation agreement is valid and enforceable when a debtor fails to attend the reaffirmation hearing required by § 524 of the Bankruptcy Code.[1] On November 18, 1991, the time at which the Defendants signed the reaffirmation agreement in this case, 524 provided, in relevant part:

(c) An agreement between a holder of a claim and the debtor, the consideration of which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(5) *the provisions of subsection (d) of this section have been complied with;* and

(6) (A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, 1228, or 1328 of this title, the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that discharge has been granted or the reason why discharge has not been

---

1. It is undisputed that the outcome of this case is governed by the provisions of the Bankruptcy Code as they existed at the time of the signing of the reaffirmation agreement, which was before § 524 was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106.

granted. *If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall—*

(1) inform the debtor—

(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal effect and consequences of—

(i) an agreement of the kind specified in subsection (c) of this section; and

(ii) a default under such an agreement;

(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

11 U.S.C. § 524(c)–(d) (1988) (emphasis added). Under the plain terms of § 524(c)(5), a reaffirmation agreement is not enforceable unless "the provisions of subsection (d) of this section have been complied with." Section 524(d), in turn, requires a debtor to attend a reaffirmation hearing at which the court must inform the debtor of the debtor's options with regard to reaffirmation agreements. Under the plain terms of § 524(c) and (d), therefore, a debtor is required to attend the reaffirmation hearing for a reaffirmation agreement to be enforceable. This language of § 524(c) and (d) reflects the intent of Congress to protect debtors from undue creditor pressure through the use of reaffirmation agreements and to ensure that strict requirements are met before such an agreement becomes enforceable. *Arnhold v. Kyrus*, 851 F.2d 738, 740–41 (4th Cir.1988); *In re Fisher*, 113 B.R. 714, 716–17 (Bankr. N.D.Okla.1990). Furthermore, in *Saeger v. ITT Fin. Servs. (In re Saeger)*, 119 B.R. 184, 188 (Bankr.D.Minn.1990), the court ruled that a reaffirmation agreement was not enforceable under § 524(c) where the debtor failed to attend the discharge hearing. Thus, the *Saeger* court stated, "[i]f a creditor wants to be sure reaffirmation agreements are binding, the creditor must ensure that the debtor be informed of the debtor's options as required by § 524(c)(5) and (d)." *Id.* Although the facts of *Saeger* were slightly different than those in the case at bar because in *Saeger* the reaffirmation hearing was never actually held, the result is nevertheless the same: pursuant to § 524(c) and (d), a reaffirmation agreement is not enforceable unless the debtor attends the statutorily required reaffirmation hearing and receives the required admonitions from the bankruptcy court.

The Plaintiff argues that the facts of the case at bar are identical to those of *Sweet v. Bank of Oklahoma (In re Sweet)*, 954 F.2d 610 (10th Cir.1992), in which the United States Court of Appeals for the Tenth Circuit held that a reaffirmation agreement was enforceable notwithstanding the debtors' failure to attend the § 524(d) reaffirmation hearing because the debtors waived their right to attend. Although the case at bar may be factually similar to *Sweet* case, the law in this District is clear. The reaffirmation agreement executed by the Defendants is not enforceable because the Defendants did not attend the reaffirmation hearing as required by § 524(c) and (d) of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Summary judgment in favor of the Defendants is GRANTED; and

2. The Plaintiff's motion for summary judgment is DENIED.

### AMENDMENT TO ORDER FOR JUDGMENT

By Order dated May 27, 1997, summary judgment was granted in the above-entitled proceeding in favor of Defendants Brian Charles Kirby and Barbara Ellen Kirby. Because a default judgment had been previously granted against Defendant Brian Charles Kirby by Order dated February 19, 1997, the Court has determined that summary judgment was improvidently granted as to Defendant Brian Charles Kirby.

ACCORDINGLY, IT IS HEREBY OR-DERED that this Court's Order dated May 27, 1997, is amended to grant summary judgment in favor of Defendant Barbara Ellen Kirby only and not in favor of Defendant Brian Charles Kirby.

IT IS SO ORDERED.