ELECTRONIC CITATION:  2009 FED App. 0007P (6th Cir.)
File Name:  09b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:  SEAN BRANT MORTON )
 )
Debtor. )
 )
_____ )
 )
FORD MOTOR CREDIT CO. LLC, )
 )
Appellant, )
 )
v. ) No. 09-8006
 )
SEAN BRANT MORTON, )
 )
 )
Appellee. )
_____ )

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 08-16841

Argued: August 18, 2009

Decided and Filed: September 9, 2009

Before: BOSWELL, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.
_____

**COUNSEL**

**ARGUED:**  John A. Schuh, Sr., SCHUH & GOLDBERG, LLP, Cincinnati, Ohio, for Appellant.
**ON BRIEF:**  John A. Schuh, Sr., SCHUH & GOLDBERG, LLP, Cincinnati, Ohio, for Appellant.

———————————

**OPINION**

———————————

G. HARVEY BOSWELL, Bankruptcy Appellate Panel Judge. In this appeal, Ford Motor Credit Company, LLC ("Ford") seeks reversal of an order entered *sua sponte* by the bankruptcy court disapproving an attorney certified reaffirmation agreement entered into by Ford and Sean Brant Morton ("Debtor").[1]

## I. ISSUE ON APPEAL

The issue presented by this appeal is whether the bankruptcy court erred in *sua sponte* disapproving the attorney certified reaffirmation agreement between Ford and the Debtor as not in the best interest of the debtor.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel and no party has elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6) and (c)(1). A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). In bankruptcy cases, an order that finally disposes of discrete disputes within a larger case may be appealed immediately. *See In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996). The order denying the parties' reaffirmation agreement is a final order. In addition, inclusion of the phrase "without prejudice" does not affect the order's finality. *See Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845-46 (6th Cir. 2007) (dismissal of complaint without prejudice is final when plaintiff intends to stand on the complaint as dismissed).

The bankruptcy court's interpretation of 11 U.S.C. § 524 is reviewed de novo. *See Brock v. Branch Banking Co. (In re Johnson)*, 380 B.R. 455, 458 (B.A.P. 6th Cir. 2007) (interpretation of Bankruptcy Code reviewed de novo). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination."

———————————

[1] The Debtor did not participate in this appeal.

-2-

*Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007). The bankruptcy court's application of 11 U.S.C. § 524 to the particular facts of this case poses a mixed question of law and fact. We therefore "break" the appeal "down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997).

The court's conclusions of law are reviewed de novo. *General Elec. Credit Equities, Inc. v. Brice Rd. Develops., LLC (In re Brice Rd. Develops., LLC)*, 392 B.R. 274 (B.A.P. 6th Cir. 2008). The court's findings of fact are reviewed under the clearly erroneous standard. *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985)).

## III.   FACTS

On December 5, 2008, the Debtor, represented by counsel, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Also on December 5, 2008, pursuant to 11 U.S.C. § 521(a)(2)(A), the Debtor filed a Statement of Intention with respect to debts secured by property of the estate, and indicated his intention to reaffirm his debt to Ford and retain the collateral for that debt, a 2006 Ford F-150. On January 5, 2009, Ford filed a proof of claim setting forth the value of the Ford F-150 at $31,157.44. With the assistance of counsel, the Debtor then entered into an attorney certified reaffirmation agreement with Ford. The agreement was filed with the bankruptcy court on January 12, 2009.

The reaffirmation agreement stated that pursuant to the Retail Installment Contract dated November 7, 2006, the original purchase price for the 2006 Ford F-150 was $42,931.84, and that the Debtor sought to reaffirm $30,513.88 with interest at 1.9%. The agreement contained all required parts of a reaffirmation agreement and was, therefore, in compliance with 11 U.S.C. § 524(k). The repayment schedule set forth in the agreement was 47 payments of $673.79.

Part D - Statement in Support of Reaffirmation Agreement provides, "I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other

income received) is $3,626.63, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $2,906.89, leaving $719.74 to make the required payment on this reaffirmed debt." (App. at 10.) The income and expense information provided on Schedules I and J, which were attached to the agreement, matches the information provided on part D of the agreement.

Part C of the agreement bears the signature of Debtor's counsel certifying that "(1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) [he has] fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement." (App. at 11.)

On January 21, 2009, the bankruptcy court, *sua sponte*, without notice or a hearing, entered an order denying approval of the agreement which stated, in pertinent part:

> The Court is obliged by statute to determine whether a Reaffirmation is in the best interest of the Debtor.
>
> In this case the Court has consulted the NADA Official Used Car Guide. That guide shows several models of the 2006 Ford F150. The NADA book shows no present value for this vehicle in excess of approximately half the amount proposed to be reaffirmed.
>
> Under these circumstances the Court cannot approve the Reaffirmation Agreement, and approval is denied, without prejudice.

(App. at 1-2.)

Ford timely appealed the bankruptcy court's order.

On March 31, 2009, the bankruptcy court entered a discharge order.

## IV. DISCUSSION

Before we address the merits of the appeal before us, we must address the issue of whether Ford in fact has standing to bring this appeal. *See Harker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002) ("Standing is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case.") Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential requirements associated

with federal standing generally. *Moran v. LTV Steel Co., Inc. (In re LTV Steel Co., Inc.)*, 560 F.3d 449, 452-53 (6th Cir. 2009). As this Panel has previously explained:

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order." Derived from the now-repealed Bankruptcy Act of 1898, "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights.

*Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.)*, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted.)

While neither this Panel nor the Sixth Circuit Court of Appeals has previously addressed the standing of a creditor to appeal a bankruptcy court's disapproval of a reaffirmation agreement, the Sixth Circuit has recognized that creditors generally have appellate standing with respect to orders directly affecting the assets from which they seek to be paid. *See Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 250 (6th Cir. 2009). Additionally, because Ford's rights were detrimentally affected when the bankruptcy court issued its order disapproving the reaffirmation agreement, Ford has standing to bring this appeal. *See McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668, 670-71 (9th Cir.1998) (concluding creditor has standing to appeal order voiding reaffirmation agreement); *BankBoston, N.A. v. Claflin (In re Claflin),* 249 B.R. 840 (B.A.P. 1st Cir. 2000) (finding creditor had standing to appeal denial of approval of reaffirmation agreement); *BankBoston, N.A. v. Nanton*, 239 B.R. 419, 421 (D.Mass.1999) (concluding creditor had standing to appeal order declaring reaffirmation agreement unenforceable). Having concluded that Ford does indeed have standing to bring this appeal, and that we therefore have jurisdiction to hear the appeal, we turn now to the merits.

Pursuant to 11 U.S.C. § 524, after filing a bankruptcy petition, a debtor may enter into a contract with a creditor in which he agrees to pay an otherwise dischargeable debt. 11 U.S.C. § 524. To be binding, such an agreement reaffirming a debt must comply with the requirements set forth in 11 U.S.C. § 524(c). When a debtor is represented by counsel, as the Debtor was here, a reaffirmation agreement between the debtor and a creditor is enforceable, to the extent enforceable under applicable nonbankruptcy law, only if: (1) the agreement is made prior to the entry of the debtor's discharge, (2) the debtor receives certain disclosures set forth in § 524(k), (3) the agreement

is filed with the bankruptcy court and the debtor's counsel signs an accompanying affidavit or declaration attesting that (a) the agreement represents a fully informed and voluntary agreement by the debtor, (b) the agreement does not impose an undue hardship on the debtor or a dependent of the debtor, and (c) such counsel has fully advised the debtor of the legal effect and consequences of the agreement and any default under such agreement, and (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later. *See* 11 U.S.C. § 524(c). If these requirements are met, and the debtor was represented by counsel during the negotiation of the agreement, the agreement becomes effective immediately upon being filed with the court so long as there is no presumption of undue hardship. 11 U.S.C. § 524(k)(3)(J)(i).[2] A presumption of undue hardship exists if the debtor's monthly income less the debtor's monthly expenses, as shown on the debtor's completed and signed statement in support of the agreement, is less than the scheduled payments on the reaffirmed debt. 11 U.S.C. § 524(k)(6)(A) and (m).

If a presumption of undue hardship exists, the presumption "shall be reviewed by the court." 11 U.S.C. § 524(m)(1). The presumption may be rebutted in writing by the debtor by identifying "additional sources of funds to make the payments." *Id.* If the presumption is not rebutted to the satisfaction of the court, the court may disapprove the agreement, but only after "notice and a hearing to the debtor and creditor, and such hearing shall be concluded before entry of the debtor's discharge." *Id*.

In the case at hand, the agreement met all of the requirements of § 524(c). In addition, the Debtor's statement in support of the agreement reveals his monthly income to be $3,626.63, and his monthly expenses to be $2,906.89, leaving him with disposable income of $719.74, a total of $45.95 in excess of the reaffirmation payment of $673.79. Therefore, because the Debtor was represented by counsel during the negotiation of the agreement, it became effective immediately upon filing with the bankruptcy court on January 12, 2009.

---

[2] If the requirements of section 524(c) are met, the debtor was represented by counsel during the negotiation of the agreement, and the creditor is a credit union, the reaffirmation agreement becomes effective upon filing with the court. 11 U.S.C. § 524(k)(3)(J)(ii).

In its *sua sponte* order disapproving the reaffirmation agreement, the bankruptcy court made no reference to a presumption of undue hardship. Rather, the court simply indicated that it was obligated by statute to determine whether reaffirmation is in the best interest of the Debtor. Then, after consulting the NADA Official Used Car Guide, and without notice or hearing, the court denied approval of the reaffirmation agreement. (App. at 1-2.) Although section 524(c)(6) requires a court to consider whether a reaffirmation agreement "is in the best interest of the debtor," that determination is only required in the case of a debtor who was not represented by an attorney during the negotiation of the agreement and the debt is not a consumer debt secured by real property.

While bankruptcy courts retain broad discretion to look beyond attorney certifications to determine whether a presumption of undue hardship exists and to determine whether an attorney's certification complies with Rule 9011, a bankruptcy court may not disapprove an attorney certified reaffirmation agreement solely because the court believes it is not in the best interest of the debtor. Rather, the best interest requirement is limited to cases involving a debtor who was not represented by an attorney during the negotiation of the agreement and the debt is not a consumer debt secured by real property. Given the language added to section 524 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23, that attorney certified reaffirmation agreements are effective upon filing so long as there is no presumption of undue hardship, *see* 11 U.S.C. § 524(k)(3)(J)(i), a bankruptcy court's review of attorney certified agreements should be focused on the presumption of undue hardship under section 524(m) and whether the attorney's certification complies with Rule 9011. In addition, a bankruptcy court may only disapprove an attorney certified reaffirmation agreement for undue hardship after notice and hearing. *See* 11 U.S.C. § 524(m)(1). Accordingly, the bankruptcy court erred when it indicated that it was statutorily obligated to determine whether the attorney-certified reaffirmation agreement was in the best interest of the Debtor and disapproved the agreement without notice and hearing.

Pursuant to 11 U.S.C. § 524(c)(4) a debtor may rescind a reaffirmation agreement "at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later." That time period had not yet lapsed when the bankruptcy court disapproved the agreement on January 21, 2009. If we were to vacate the bankruptcy court's disapproval of the agreement and order the agreement to be effective, the Debtor would suddenly find himself in a situation where he is forced to repay a debt, which for the last several months he believed to be

discharged. Additionally, because the Debtor has already received his discharge and the agreement was filed more than sixty days ago, he would be unable to rescind it. We can avoid this predicament, however, by application of the doctrine of equitable tolling to the deadline for the Debtor to rescind the agreement, and place the parties back in the position they were in when the bankruptcy court erroneously disapproved the effective reaffirmation agreement. *See Young v. United States*, 535 U.S. 43, 49-50, 122 S. Ct. 1036, 1040-41 (2002) (limitation periods are customarily subject to equitable tolling; especially true in bankruptcy context because bankruptcy courts are courts of equity); *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (equitable tolling is determined on case-by-case basis). At oral argument, appellant's counsel agreed that, should his client prevail in this appeal, equitable tolling of the 60-day rescission period would be appropriate.

The inclusion of 11 U.S.C. § 524(c)(4) in the Bankruptcy Code demonstrates Congress' intention for debtors to have the opportunity to reconsider decisions to reaffirm debts. Tolling the deadline for this Debtor to rescind the agreement as a result of this appeal is also consistent with the "fresh start" policy of the Bankruptcy Code. *See Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659 (1991) ("[A] central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and 'enjoy a new opportunity in life. . . .'").

## V.   CONCLUSION

For the foregoing reasons, the order of the bankruptcy court disapproving the reaffirmation agreement between the Debtor and Ford is REVERSED, the agreement is reinstated, and the deadline for the Debtor to rescind the agreement, should he wish to do so, is tolled. The Debtor shall have 60 days from the date this opinion is issued to rescind the reaffirmation agreement.