In re Reggie ONG, Debtor.

Bay Federal Credit Union, Appellant,

v.

Reggie Ong, Appellee.

BAP No. NC–10–1192–HBaJu.

Bankruptcy No. 09–57224.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted on May 11, 2011.

Decided June 29, 2011.

Spencer P. Scheer of Scheer Law Group, LLP, San Rafael, CA, argued for the Appellant.

Emily M. Kaplan, Philadelphia, PA, on brief for appellee.

Before: HOLLOWELL, BARRECA[1], and JURY, Bankruptcy Judges.

## OPINION

HOLLOWELL, Bankruptcy Judge.

Creditor Bay Federal Credit Union (BFCU) appeals an order of the bankruptcy court disapproving a reaffirmation agreement that BFCU entered into with the debtor. The debtor was represented by an attorney during the negotiation of the reaffirmation agreement and the agreement complied with all relevant statutory requirements of § 524,[2] including the attorney's certification that the agreement represented a fully informed and voluntary agreement, did not pose an undue hardship on the debtor or his dependents, and that the debtor was advised of the agreement's legal effect and consequences.

Because the Bankruptcy Code does not provide for independent court review of a reaffirmation agreement between a represented debtor and a credit union, we REVERSE.

## I. FACTS

On August 27, 2009, Reggie Ong (the Debtor), represented by an attorney, filed a chapter 7 bankruptcy petition. On August 28, 2009, the Debtor signed and filed a statement of intention, pursuant to

---

1. The Hon. Marc L. Barreca, Bankruptcy Judge for the Western District of Washington, sitting by designation.

2. Unless otherwise indicated, all chapter and section references in the text are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

§ 521(a)(2)(A), stating that he intended to retain a 2007 GMC truck (Truck) and reaffirm the debt securing it.

The bankruptcy court set November 24, 2009, as the last day to object to the Debtor's discharge. On November 18, 2009, the Debtor filed a reaffirmation agreement with the bankruptcy court, reaffirming the debt to BFCU on the Truck with monthly payments of $675.41, for a total of $19,193.76 (the Agreement).

In addition to setting out the amount of the debt to be reaffirmed, the monthly payment, interest rate, and collateral securing the debt, the Agreement contained numerous disclosures about the purpose and effect of the Agreement, as required by § 524(k). The Agreement was on an Official Form 240A and contained a certification signed by the Debtor's attorney that (1) the Debtor was fully informed and advised of the legal effect and consequences of the Agreement and any default under the Agreement; (2) the Debtor chose to enter into the Agreement voluntarily; and, (3) the Agreement did not pose an undue hardship on the Debtor or his dependents. The Debtor certified that he believed the Agreement was in his financial interest and that he could afford to make the payments under the Agreement. Additionally, the Agreement contained a checked box certifying that BFCU is a credit union as defined in § 19(b)(1)(A)(iv) of the Federal Reserve Act.

On March 23, 2010, the bankruptcy court issued an order, pursuant to § 524(d), setting the Agreement for hearing. It stated that "[w]hile the Court rec-ognizes that no presumption of undue hardship arises since Creditor is a credit union, the Agreement may, nonetheless, not be in Debtor's best interest" because (1) the Debtor may not be able to afford to make the payments under the Agreement based on the information contained in the Debtor's bankruptcy schedules;[3] (2) the debt to BFCU may be undersecured; (3) the Agreement may reaffirm an unsecured debt; and (4) BFCU may not have made concessions to the Debtor.

The hearing was held on May 11, 2010. During the short hearing, the bankruptcy court noted that:

> the debtors [sic] can barely afford the vehicle. Per [bankruptcy schedule] I and J they only have $18.61 leeway. The creditor has allowed a ride through. They may change their position. I can't control that. Are you willing, [BFCU], to make a commitment for this case, for this debtor, that you'll let them keep the car?
>
> BFCU: Yes, Your Honor, we are. The Debtor has made 42 monthly payments and has never been late.
>
> . . .
>
> BANKRUPTCY COURT: Yeah. Okay. So that's your answer. And the Court disapproves the reaff.

Hr'g Tr. (May 11, 2010) at 3:4–17.

The following day, the bankruptcy court entered a minute order denying approval of the Agreement. A final order was entered on July 12, 2010. BFCU timely appealed.[4]

---

3. The Debtor's Schedule I lists his monthly income at $2,419.61. His Schedule J monthly expenses are listed as $2,401.00, which includes the $676.00 payment on the vehicle, leaving a monthly net income of $18.61.

4. BFCU filed its notice of appeal on May 26, 2010, within 14 days of the entry of the minute order denying the Agreement. On July 8, 2010, the BAP issued an order requesting the bankruptcy court enter a formal order, which it did on July 12. BFCU's appeal is timely under Rule 8002(a).

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Does the bankruptcy court have authority to review a reaffirmation agreement between a debtor and a creditor, in this case a credit union, when the debtor was represented by counsel and the agreement complied with the disclosures, certifications, and requirements of § 524?

## IV. STANDARDS OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *Bankr.Receivables Mgmt. v. Lopez (In re Lopez)*, 274 B.R. 854, 859 (9th Cir. BAP 2002), *aff'd*, 345 F.3d 701 (9th Cir.2003), *cert. denied*, 541 U.S. 987, 124 S.Ct. 2015, 158 L.Ed.2d 491 (2004); *Dumont v. Ford Motor Credit Co. (In re Dumont)*, 383 B.R. 481, 484 (9th Cir. BAP 2008), *aff'd*, 581 F.3d 1104 (9th Cir.2009).

## V. DISCUSSION

■ Debtors may reaffirm dischargeable debts. 11 U.S.C. § 524. However, in order to protect debtors from compromising their fresh start by making unwise agreements to repay such debts, the Bankruptcy Code sets out various procedures and requirements for reaffirmation agreements. *Id.; Gordon v. Hines (In re Hines)*, 147 F.3d 1185, 1190 (9th Cir.1998); *Rogers v. NationsCredit Fin. Servs. Corp.*, 233 B.R. 98, 107 (N.D.Cal.1999). These include disclosures relating to the legal ramifications of reaffirmations. 11 U.S.C. § 524(k).

■ Additionally, if a debtor is not represented by an attorney, the bankruptcy court must inform the debtor that reaffir-mation is not required, describe the legal consequences of reaffirming a debt, and decide whether reaffirmation is in the debtor's best interest or poses an undue hardship. 11 U.S.C. § 524(d), (c)(6).

■ When, as here, a debtor is represented by an attorney, the requirements for a reaffirmation agreement are:

(1) it is made before the granting of a discharge;

(2) the debtor received the disclosures described in § 524(k) before signing the agreement;

(3) it is filed with the court and contains an attorney certification or declaration that states:

the agreement represents a fully informed and voluntary agreement by the debtor,

the agreement does not impose an undue hardship on the debtor or his dependents,

the attorney advised the debtor of the legal effect and consequences of the agreement and any default under such agreement; and

(4) the debtor has not rescinded the agreement within 60 days of filing or prior to discharge, whichever is later.

11 U.S.C. § 524(c). Once these requirements are met, the agreement becomes effective and enforceable upon filing, unless there is a presumption of undue hardship. *Id.;* 11 U.S.C. § 524(k)(3)(J)(i).

■ Section 524(m)(1) raises a rebuttable presumption, for 60 days after an agreement is filed (Presumption Period), that a reaffirmation agreement imposes an undue hardship on the debtor when the debtor's monthly income, less the debtor's monthly expenses, is less than the scheduled payments on the reaffirmed debt. 11 U.S.C. § 524(m)(1). The bankruptcy court is *required* to review agreements when the presumption of undue hardship exists, and

the bankruptcy court may disapprove a reaffirmation agreement, after notice and a hearing, if it is not satisfied that the presumption has been adequately rebutted. *Id.* Congress, however, provided that when the creditor of a reaffirmed debt is a credit union, there is no presumption of undue hardship. 11 U.S.C. § 524(m)(2).

In this case, the Debtor was represented by an attorney during negotiations with BFCU to reaffirm the debt and, because the Agreement was with a credit union, no presumption of undue hardship existed. As a result, the bankruptcy court could not deny approval of the reaffirmation agreement on grounds that the presumption of undue hardship had not been rebutted. *In re Kernodle*, 2010 WL 1995410, at *1 (Bankr.D.N.M.2010); *Ford Motor Credit Co. LLC v. Morton (In re Morton)*, 410 B.R. 556, 562 (6th Cir. BAP 2009); Gregory M. Duhl, *Divided Loyalties: The Attorney's Role in Bankruptcy Reaffirmations*, 84 AM. BANKR. L.J. 361, 368 (2010).

◼ Although the bankruptcy court correctly recognized that no undue hardship presumption existed, it assumed it had the authority to determine if the Agreement was in the Debtor's best interest because it noticed a § 524(d) hearing.[5] The bankruptcy court found that the Debtor's monthly income less his expenses was only

slightly more than the payments due under the Agreement and disapproved the Agreement.[6]

However, § 524(d) and the "best interest" requirement is limited to cases where a debtor is *not* represented by an attorney and the debt is not a consumer debt secured by real property. 11 U.S.C. § 524(d), (c)(6). A bankruptcy court "may not disapprove an attorney certified reaffirmation agreement solely because the court believes it is not in the best interest of the debtor." *In re Morton*, 410 B.R. at 562; *In re Huskinson*, 2008 WL 2388113, at *2 (Bankr.N.D.Ohio 2008); *In re Kernodle*, 2010 WL 1995410, at *2.

◼ The Bankruptcy Code has no provision that permits a bankruptcy court to independently scrutinize a reaffirmation agreement entered into by a represented debtor when there is no presumption of undue hardship or the Presumption Period has passed. *See In re Morton*, 410 B.R. at 562 (reaffirmation agreement between represented debtor and credit union is "not subject to judicial oversight"); *In re Huskinson*, 2008 WL 2388113, at *2. The only time a bankruptcy court should concern itself with an attorney-certified reaffirmation agreement is in the exceptional situation where there has been a Rule 9011

---

**5.** Section 524(d) provides that in an individual case when the bankruptcy court has determined to grant a discharge:

> [T]he court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in [§ 524(c) ] and *was not represented by an attorney* during the course of negotiating such agreement, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall

> (1) inform the debtor
> (A) that such an agreement is not required ...; and
> (B) of the legal effect and consequences of [the agreement]; *and*
> (2) determine whether the agreement ... [is in the debtor's best interest and does not pose an undue hardship on the debtor or his dependents].

11 U.S.C. § 524(d) (emphasis added).

**6.** Because the central issue in this case is the bankruptcy court's right to review the Agreement, we decline to address the Appellant's argument that the bankruptcy court erred in disapproving the Agreement by improperly allowing a "ride through."

violation by the certifying attorney. *In re Hovestadt,* 193 B.R. 382, 386 (Bankr. D.Mass.1996) (The court "cannot ignore the ramifications incident to a blanket assumption that reaffirmations agreements are enforceable if accompanied by an attorney declaration, when close scrutiny compels the conclusion that the elements set forth in § 524(c) are either lacking altogether, insufficient or void as having been filed in violation of Rule 9011."); *In re Morton,* 410 B.R. at 562. The bankruptcy court here was not concerned that the certifications or disclosures required under § 524(c) were improper or lacking. It was only concerned that the Agreement was not in the Debtor's best interest.

■■■■ Neither does § 105 permit bankruptcy courts to make independent assessments of reaffirmation agreements between represented debtors and creditors. Section 105 allows the bankruptcy court the authority only to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." Because § 524 does not provide bankruptcy courts the authority to make a best interest analysis of properly executed reaffirmation agreements by represented debtors, "[t]here is no statutory authority to expand the narrowly defined exceptions to the right of debtors to contract freely with their creditors, either as to occasions for judicial review or as to the time period provided for such review." *In re Boliaux,* 422 B.R. 125, 131 (Bankr.N.D.Ill.2010). Thus, in cases where the debtor has an attorney and there is no presumption of undue hardship, the bankruptcy court is not authorized to substitute its judgment in place of a debtor's attorney. *See In re Isom,* 2007 WL 2110318, at *2 (Bankr.E.D.Va. 2007). It may only review the reaffirmation agreement to ensure that the requirements of § 524(c) are met.

## VI. CONCLUSION

The Debtor entered into the Agreement assisted by an attorney and the Agreement complied with the requirements of § 524(c). No presumption of undue hardship existed. Therefore, the bankruptcy court lacked the authority to independently review the Agreement or to disapprove it. Accordingly, we REVERSE.