**IN RE: Andrew S. MILLER Fabiola A. Miller, Debtors**

**Bky. No. 17–15592 ELF**

United States Bankruptcy Court, E.D. Pennsylvania.

Signed October 18, 2017

Scott F. Waterman, Media, PA, for Debtors.

## ORDER

ERIC L. FRANK U.S. BANKRUPTCY, JUDGE

**AND NOW, WHEREAS:**

A. A reaffirmation agreement of the kind specified in 11 U.S.C. § 524(c) between the Debtor Andrew S. Miller ("the Debtor") and TruMark Financial Credit Union has been filed with the court.

B. It appears likely that the proposed reaffirmation agreement is not subject to 11 U.S.C. § 524(m)(1). See 11 U.S.C. § 524(m)(2).

C. Nonetheless, the reaffirmation agreement is subject to 11 U.S.C. § 524(c), (d). See In re Coleman, 2010 WL 5067429, at *2 (Bankr. D.S.D. Dec. 7, 2010).

\* \* \* \* \* \*

D. Neither the Debtor's schedules nor the Debtor's reaffirmation statement filed pursuant to 11 U.S.C. § 524(k)(6)(A) provide any indication that the Debtor has sufficient income to pay the debt to be reaffirmed.

E. In fact, Schedule I states that the Debtor has no income and the Debtor's reaffirmation statement filed pursuant to 11 U.S.C. § 524(k)(6)(A) leaves blank the space on the statement for disclosure of his monthly income at the present.[1]

F. The Debtor's counsel signed and filed a statement certifying that:

(a) he represented the Debtor during the course of negotiating the reaffirmation agreement;

(b) the reaffirmation agreement is an informed and voluntary agreement;

(c) the reaffirmation does not impose an undue hardship on the Debtor; and

(d) he has fully advised the Debtor of the legal effect and consequences of the reaffirmation agreement.

\* \* \* \* \* \*

G. 11 U.S.C. § 524(c) provides that a reaffirmation agreement is enforceable only if the provisions of six (6) subsections are satisfied.

H. One of those subsections is 11 U.S.C. § 524(c)(3) which provides for the filing of an attorney declaration or affidavit stating:

1. The Debtor followed the instructions in filling out the document, which appears to be an unofficial bankruptcy form, Director's Form B2400A. That form assumes that no disclosure of the Debtor's present income and expenses is necessary if the Debtor was represented by an attorney in negotiating the reaffirmation agreement and the creditor is a credit union. Those assumptions may be accurate. See n.2, infra. But see n.3, infra.

(a) the attorney represented the Debtor during the course of negotiating the reaffirmation agreement;

(b) the reaffirmation agreement is an informed and voluntary agreement;

(c) the reaffirmation does not impose an undue hardship on the Debtor; and

(d) the attorney has fully advised the Debtor of the legal effect and consequences of the reaffirmation agreement.

I. 11 U.S.C. § 524(c)(6)(A) provides that **in a case in which the debtor was not _represented by an attorney in negotiating a reaffirmation agreement**, the agreement is enforceable only if the court approves the agreement as not imposing an undue hardship on the debtor and as being in the debtor's best interest.

J. On its face, 11 U.S.C. § 524(d) states that **in a case in which the debtor was not represented by an attorney in negotiating a reaffirmation**

**agreement** involving a consumer debt, the court shall hold a hearing to provide certain information to the debtor and to determine if the requirements of § 524(c)(6) have been satisfied.

\* \* \* \* \* \*

K. Some courts have held that, notwithstanding the apparent plain language of the statute and the filing of an attorney declaration under § 524(c)(3) (which includes the representation that the debtor was represented by an attorney in negotiating the reaffirmation agreement), the bankruptcy court retains the authority to hold a § 524(d) hearing and determine if the reaffirmation agreement is consistent with the requirements of § 524(c)(6).[2]

L. Other courts disagree.[3]

\* \* \* \* \* \*

M. Regardless whether the court has the authority to disapprove a reaffir-

---

**2.** See In re Vargas, 257 B.R. 157, 166 n. 11 (Bankr. D.N.J. 2001) (the court retains the authority to disapprove a reaffirmation agreement, notwithstanding the filing of an attorney declaration under § 524(c)(3)) (citing authorities); see also In re Griffin, 563 B.R. 171, 174 n.5 (Bankr. M.D.N.C. 2017) (citing Vargas for the proposition that the bankruptcy court has the power "to review reaffirmation agreements to ascertain that reasonable bases exist for the accompanying declarations").

In Griffin, the court also held that the attorney certification filed with court in connection with a reaffirmation agreement is subject to the requirements of Fed. R. Bankr. P. 9011. At this juncture, I am not invoking my authority to hold a Rule 9011 hearing on my own initiative. See Fed. R. Bankr. P. 9011(c).

**3.** See, e.g., In re Morton, 410 B.R. 556 (6th Cir. BAP 2009) (While bankruptcy courts retain broad discretion to look beyond attorney certifications to determine whether a pre-

sumption of undue hardship exists and to determine whether an attorney's certification complies with Rule 9011, a bankruptcy court may not disapprove an attorney certified reaffirmation agreement solely because the court believes it is not in the best interest of the debtor, which is limited to cases involving a debtor who was not represented by an attorney during the negotiation of the agreement and the debt is not a consumer debt secured by real property); In re Harvey, 452 B.R. 179, 185 n.5 (Bankr. W.D. Va. 2010) (except when § 524(m) applies, 11 U.S.C. § 524(c) and (d) do not provide for the Court to approve a reaffirmation agreement when the debtor has been represented by counsel during the course of negotiating a reaffirmation agreement); Coleman, 2010 WL 5067429, at \*2 (if there is no presumption of abuse under § 524(m)(1) and the debtor was represented by an attorney during the course of negotiating the agreement, the court does not need to approve or disapprove the agreement).

mation agreement under § 524(d) after the filing of an attorney certification under § 524(c)(3) (i.e., regardless of the resolution of the legal issue described in Paragraphs J–L above), the court concludes that it has the authority to hold a hearing to determine the bona fides of a § 524(c)(3) certification.[4]

N. In light of the information available to the court regarding this reaffirmation, see Paragraphs D–F, supra, and assuming arguendo that an appropriate § 524(c)(3) certification removes the bankruptcy court from the reaffirmation process, the court finds it appropriate to schedule a hearing to consider the § 524(c)(3) certification filed in this case and whether it is necessary to hold to a further hearing to make the determination required by § 524(d)(2).

It is therefore **ORDERED** that:

1. A hearing to consider the issue described in Paragraph N above is **SCHEDULED** on **November 8, 2017,** in **Bankruptcy Courtroom No. 1, 2d floor, U.S. Courthouse, 900 Market Street, Philadelphia, PA.**

2. The Debtor's counsel **SHALL ATTEND** the hearing.[5]

---

4. This is a further application of In re Laynas, 345 B.R. 505, (Bankr. E.D. Pa. 2006). In Laynas, I held that, in determining whether a presumption of undue hardship exists under § 522(m)(1), (a determination which depends on consideration of the amount of the debtor's monthly income and monthly expenses, information which has been disclosed in court filings), the court need not accept the accuracy of the debtor's financial disclosures, but rather, may critically evaluate them in determining whether a presumption of abuse has arisen under § 524(m)(1).

Here, the attorney has filed a certification under § 524(c)(3) that, arguably, removes all judicial review of a debtor's reaffirmation agreement. It is consistent with the protective purposes of § 524(c) and (d) for the court to retain the authority to confirm the legitimacy of the attorney certification before it abdicates its role in the reaffirmation process.

5. Given the nature of the inquiry at this hearing, I am not requiring the Debtor to attend. Of course, the Debtor may attend the hearing. That decision is left to the Debtor and his counsel.